**SO ORDERED.**

**SIGNED this 09 day of October, 2012.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

CAROL GREENE PERRY,                    CHAPTER 13
                                        CASE NO. 12-01633-8-RDD
    DEBTOR.

ORDER GRANTING MOTION
FOR ORDER APPROVING SURRENDER OF REAL PROPERTY TO
CREDITOR BENEFICIAL FINANCIAL, INC. AND TO MODIFY CHAPTER 13 PLAN

Pending before the Court is the Motion for Order Approving Surrender of Real Property to Creditor Beneficial Financial, Inc. and to Modify Chapter 13 Plan filed by Carol Greene Perry (the "Debtor") on August 21, 2012. Beneficial Financial, Inc. ("Beneficial") did not file a response to the Debtor's motion.

On March 1, 2012, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Court entered the Order Confirming Chapter 13 Plan on May 22, 2012. The Plan provided for monthly payments of $1,700.00 for sixty (60) months. As to Beneficial, the Plan provided: "contractual and post petition payments to be made by the trustee." The Plan also provided treatment as to Beneficial's mortgage arrears by stating, "0% pro-rata within the life of the plan - no claim filed." On June 12, 2012, the Debtor filed a Motion to Modify Plan and on July 11, 2012,

the Court entered the Order Granting Motion to Modify Plan. The Modified Plan provided for monthly payments of $1,700.00 for a period of three (3) months and monthly payments of $1,925.00 for a period of fifty-seven (57) months beginning in July 2012.

Beneficial filed Proof of Claim No. 3 in the amount of $154,779.26 based on money loaned. The claim is secured by a lien on the Debtor's residence located at 173 Melton Road, Rocky Mount, North Carolina 27801[1]. Schedule A lists the value of the Debtor's interest in the property as $123,769.00.

The Debtor's motion states that her household income has decreased and she is no longer able to afford to maintain payments on the real property and meet her basic living expenses. The Debtor desires to surrender the real property to Beneficial in order to reduce her monthly expenses. The motion requests an order directing the chapter 13 trustee to cease payments to Beneficial for prepetition and postpetition payments. Further the motion, requests that Beneficial be responsible for city and county taxes as well as cutting the grass and removing weeds, from the date of entry of the order allowing the surrender of the real property.

11 U.S.C. § 1325(a)(5)(C) provides the debtor may surrender property securing the allowed secured claim to the holder of the claim as a means of providing for the claim. 8 Collier on Bankruptcy ¶ 1325.06 [4] (16th ed.). Surrender means relinquishment of any rights in the collateral. *Id.* "Therefore, if the debtor no longer has possession of the collateral, actual delivery should not be required." *Id.* (citing *In re Alexander*, 225 B.R. 665 (Bankr. E.D. Ark. 1998); *In re Gabor*, 155

---

[1]The Debtor's petition lists the address of this property as 544 Melton Road, Rocky Mount, N.C. This is listed as the Debtor's residence and is the only piece of real property listed within the Debtor's schedules. There is no explanation for the difference in street address, but that issue is not relevant to the pending motion.

2

B.R. 391 (Bankr. N.D. W. Va. 1993); *Pratt v. GMAC (In re Pratt)*, 462 F.3d 14 (1st Cir. 2006)). It is not required that the creditor consent to the surrender or accept possession of the collateral. *Id.* (citing *In re White*, 282 B.R. 418 (Bankr. N.D. Ohio 2002); *In re Harris*, 244 B.R. 556 (Bankr. D. Conn. 2000)).

However, unless the title to the property changes from the Debtor, the Debtor is personally liable for ad valorem taxes as of January 1 of each succeeding year. N.C. Gen. Stat. § 105-355; N.G. Gen. Stat. § 105-285; *In re Members Warehouse, Inc.*, 991 F.2d 116, 118-119 (4th Cir. 1993) (reading N.C. Gen. Stat. § 105-355 and N.C. Gen. Stat. § 105-285 together to mean *ad valorem* property tax liability arises on January 1st of the tax year). The Tax Collector Division's page on the Edgecombe County Website provides "[a]ll property owned on January 1 is taxable for the entire year and the owner as of January 1 is responsible for the tax bill for the entire year." Edgecombe County Tax Collector's Office, http://edgecombecountync.gov/tax/gquestions.aspx. Solely surrender of possession to Beneficial will not accomplish a change in the state of the title. Only a foreclosure or voluntary conveyance of the property will change the title and the responsibilities of ownership. Additionally, until the title is conveyed, the Debtor is responsible for insurance and up keep of the property.

In all states, the duty to pay taxes falls upon the mortgagor. James A. Webster, Patrick K. Hetrick & James B. Mclaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 13.12 (6th ed. 2011). A "quitclaim deed is employed to release and convey all of a grantor's right, title, or interest in specific property to the grantee." *Id.* § 23.04 (6th ed. 2011). "A quitclaim deed's practical effect is the same as that of a warranty deed with respect to the passage of title, but there are no warranties that the grantor has any title." *Id.* (citing *Hayes v. Ricard*, 245 N.C. 687, 97 S.E.2d 105 (1957)). This

3

Court will grant Beneficial a reasonable amount of time to commence a special proceeding to foreclose the Promissory Note secured by the Deed of Trust. If Beneficial does not act timely, then the Debtor will be authorized to convey title by quitclaim deed to Beneficial.

Accordingly, Beneficial shall have sixty (60) days from the date of the entry of this order to institute a special proceeding to foreclose the Promissory Note secured by the Deed of Trust. If such a foreclosure proceeding has not been commenced on or before sixty (60) days from the date of the entry of this order, then the Debtor is authorized to execute, deliver and record a quitclaim deed of the property to Beneficial.

**SO ORDERED.**

**END OF DOCUMENT**